## STATE v. BURUSCO.

No. 3873.   Decided April 5, 1923.   (214 Pac. 302.)

1. ASSAULT AND BATTERY—EVIDENCE HELD INSUFFICIENT TO PROVE CORPUS DELICTI. In a prosecution for assault with a deadly weapon with intent to do bodily harm, in which there was testimony that the complaining witness was armed with rifle and pistol and was interfering with the defendant's right to drive sheep over a public domain at the time of the alleged assault, the testimony of the complaining witness that defendant pulled out his pistol, and that he subsequently heard the crack of an automatic pistol, but did not see defendant shoot the pistol or know whether he shot in the air or shot at the witness or at all, *held* insufficient to sustain conviction; there being no proof of the corpus delicti.

2. ASSAULT AND BATTERY—INSTRUCTION ON CONSPIRACY HELD ERRONEOUS AS NOT BASED ON EVIDENCE. In a prosecution for assault with a deadly weapon with intent to do bodily harm, in which there was evidence that the complaining witness, at the time of the alleged assault, was interfering with the right of the defendants to drive their sheep over public domain, and that one defendant was armed with a pistol anud codefendant with a rifle, instruction authorizing conviction if they or either of them shot at the witness "while they were both acting together" *held* erroneous, in the absence of evidence that they had entered into a criminal conspiracy or that shooting was done in pursuance of a common design; the effect of the instruction being that the defendant could be convicted if the codefendant shot at witness with his rifle, if the two were acting together in herding or driving the sheep.

Appeal from District Court, Seventh District, Sanpete County; *Dilworth Wooley,* Judge.

Javier Burusco was convicted of assault with a deadly weapon with intent to do bodily harm and he appeals.

REVERSED.

*O. C. Dalby,* of Salt Lake City, and *George Christensen,* of Price, for appellant,

*Harvey H. Cluff,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for the State.

WEBER, C. J.

Javier Burusco, appellant here, was tried jointly with one Raymond Tharour on a charge of assault with intent to murder. The assault is alleged to have been committed in Grand county January 9, 1921. On application of defendants for a change of venue, the case was transferred to Sanpete county for trial. Tharour was found guilty as charged in the information. He has not appealed. Burusco, the appellant, was found guilty of assault with a deadly weapon with intent to do bodily harm.

On January 7, 1921, two days before the commission of the alleged crime, the defendants brought their herd of sheep to a mesa near the foot of what is called the Book Mountains, in the vicenity of Saleratus Canyon, about 15 miles northeast of Elgin on the Green river. The land there is desert in character and unserveyed public domain. G. A. Harris, the complaining witness, had a cabin on the creek about a mile and a half from where defendants were camped' with their sheep. He came to the cabin on what he called his ranch on the evening of January 7th, and the next morning discovered that the defendants with their sheep were camped on the east side of the canyon. He thereupon went to see the defendant Burusco and told Burusco that he had some cattle in the vicinity and would like appellant to move out and leave the feed for his cattle. Appellant agreed to do so and told Harris that he was desirous of getting to what is known as Horse Canyon, about three miles to the west, but did not know the best way to go. Harris suggested that he go east to what is known as Crescent creek, where he would find the feed equally as good as where he was encamped. Appellant told Harris that he would ride out that afternoon and examine the proposition, and, if he found conditions as Harris said they were, he would move the next morning. When he inspected the country, he did not find conditions

as reported.   Another herd of sheep was on Crescent creek,
and the country to the north was so rough that he did not
think it possible to get out by the way suggested by Harris.
He therefore determined to cross Saleratus Canyon at the
point opposite to where he was encamped and drive his herd
directly to Horse Canyon.   The next moring the defendants
started to cross with their sheep.   Harris arrived upon the
scene and objected to the sheep being driven across the creek
at that point.   When they had arrived at the bottom of the
canyon with the sheep, Harris rode down in front of the
herd to prevent their further advance.   Defendants continued
driving the sheep from the rear; the result being that they
became "bunched" in the bed of the creek.   Defendants de-
manded that Harris get out of the way and let the sheep pass.
To this he paid no attention.   Then the shooting occurred
as hereinafter detailed.

The principal contention of counsel for appellant is that
the evidence presented by the state utterly fails to connect
the appellant with the offense charged in the information,
or the offense of which he was found guilty, or of any offense.

The only eyewitness on the part of the state was G. A.
Harris, the man who had attempted to interfere with the
movement of the sheep herd.   His testimony in substance
was as follows:

"I was up in the front, and it was narrow there, and I stopped
them and they bunched up close; and there was nothing said on
either side until we got up to within 40 yards of one another, and
I saw them stop, and when they stopped, I stopped the mule and
stayed there, and Tharour had a Winchester in his hand, and Bur-
usco pulled out an automatic pistol, and he says:  'Now you go.'
Well, they both had me covered, and there was nothing to do but
go, and I turned my mule around, and I started off, and Burusco
shot at me with his pistol.   Immediately after he shot, this Ray-
mond Tharour ran right up past Mr. Burusco and dropped down
on the side of a rock with his Winchester, and he sat down and
raised his Winchester over his knee and fired two shots at me, and
the second shot hit the mule in the round part of the hip, high up."

On cross-examination he testified:

"Q.   Now isn't it a fact, Mr. Harris, that Mr. Burusco didn't
shoot at all?  A.   No, sir.  Q.   Did you see him shoot?  A.   No;

but I heard him shoot; I didn't see him shoot, but I heard him shoot. Q. How did you know that he shot? A. I can tell the crack of an automatic pistol from a Winchester. Q. You don't know whether he shot in the air, or shot back of him, or shot at you, if he shot at all, do you? A. No; I don't. Q. All that you know about it, you heard a sound? A. I know that I heard a shot of an automatic pistol. Q. And the shot is different in sound from a Winchester, is that it? A. Yes, sir. Q. And that is what you base your conclusion on that Mr. Burusco shot? A. Yes, sir. Q. And that is the only thing is it? A. Yes, sir."

It will be observed that no claim is made by the prosecuting witness that he saw the appellant shoot. All he testified to is that he heard a sound which he claims was the ''crack of an automatic pistol.'' The statement in chief that Burusco shot at him with a pistol was nothing more than the conclusion of the prosecuting witness. It was his bald conjecture that appellant fired a pistol with criminal intent. Conceding that it is fairly inferable from the evidence that appellant fired a shot, it was wholly conjectural as to whether he shot at Harris or shot in the air. The prosecuting witness could no more than guess that he was shot at by appellant. Upon this guess the jury must have based the inference that a crime had been committed. This testimony did not prove the body of the crime, nor was it aided by the implied admission made to the former deputy sheriff, Wilcox, who testified that when he asked Burusco after his arrest why he shot at Harris the prisoner replied, ''Because he makes me trouble.'' If this admission were considered to be an unequivocal confession of guilt, it would, nevertheless, be insufficient to supply the modicum of proof necessary for a conviction, for the reason that an accused cannot be convicted upon a confession without independent proof of the corpus delicti. The record contains no proof of the corpus delicti, and, exclusive of the alleged admission that he shot at Harris, no substantial evidence was produced by the state that the crime of which appellant was convicted was conmitted by any one. The evidence that he pulled out his pistol and ordered Harris to leave is no more than a mere circumstance, and, when considered in connection with the fact that Harris was the aggressor, and that he himself,

armed with rifle and pistol, was interfering with defendants' right to drive the sheep over public domain, the circumstance becomes utterly insignificant as incriminatory evidence. No substantial evidence pointing to appellant's guilt was produced by the prosecution. Upon no theory is the verdict explainable except that the jurors were misled or confused by one of the instructions, which was as follows:

"If you find and believe from the evidence in this case beyond a reasonable doubt that the defendants, or either of them, while they were both acting together, did, on or about January 9, 1921, within Grand county, Utah, shoot at one G. A. Harris with a pistol or a rifle or with both of said firearms, and that the same are deadly weapons within the definition of that term given in these instructions, and that at the time of the shooting the defendants intended, or either of them intended, to take the life of the said G. A. Harris, then they are guilty of the crime charged in the information, and your verdict should so declare, unless you should further find that they were acting in lawful self defense."

It is possible, if not probable, that the jurors concluded that appellant and his companion were "both acting together" in driving the sheep. Nothing indicated collusion to commit an assault on Harris, not a scintilla of evidence was produced indicating that defendants had entered into a criminal conspiracy, or that they were acting together in a criminal enterprise, or that any shooting was done in pursuance of a common design. The effect of the instruction was that, if the two were working or acting together in herding or driving the sheep, and one of them shot at Harris with intent to kill, both were guilty of the offense charged in the information. Tharour, the codefendant of appellant, shot at Harris with a rifle and hit the mule upon which Harris was riding. He was convicted of assault with intent to murder. It is apparent that appellant was convicted upon the evidence that was produced against Tharour, though no conspiracy or criminal collusion was shown between him and Burusco.

The instruction as to conspiracy was incomplete and misleading and was without basis in the evidence, and the record contains no evidence supporting the verdict.

The judgment is reversed.

GIDEON, THURMAN, and FRICK, JJ., concur.

CHERRY, J., being disqualified, did not participate in the disposition of this case.